**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel LEON, Defendant–Appellant.**

No. 12–10396.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2013.

Filed Jan. 31, 2014.

Jonathan M.F. Loo, Esquire, Assistant U.S., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Peter C. Wolff, Jr., Federal Public Defender, Federal Public Defender's Office, Honolulu, HI, for Defendant–Appellant.

by 9th Cir. R. 36–3.

Before: KOZINSKI, Chief Judge, FISHER and WATFORD, Circuit Judges.

## MEMORANDUM*

As appellant acknowledged in his briefs, and at oral argument, the application of the good-faith exception to this case is controlled by *United States v. Pineda–Moreno*, 688 F.3d 1087 (9th Cir.2012), which held that officers who placed and monitored a GPS device on a suspect's car reasonably relied on then-binding precedent. As a three judge panel, we are bound by *Pineda–Moreno*. *See generally Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc). Thus, although the government conceded below that the placement and use of a GPS device on Leon's vehicle was unconstitutional under *United States v. Jones*, —— U.S. ——, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012), the district court did not err in ruling that the fruits of these searches were nevertheless admissible under the good-faith exception to the exclusionary rule. *Pineda–Moreno*, 688 F.3d at 1090–91.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.